## Dockins, et al. v. Dukes.

(Decided December 17, 1912.)

### Appeal from Muhlenberg Circuit Court.

1. Appeal—Party Filing Schedule Must Order Complete Parts of Record to be Copied.—Under the statute and under the rule of the court, a party filing a schedule must order complete parts of the record to be copied, not fragments of parts, as a certain page of a deposition.

2. Appeal—When It Will Be Presumed Circuit Court Decided Properly.—In the absence of the proof heard in the circuit court, it will be presumed that the circuit court decided properly where the record shows that proof was heard and the proof is not brought up on the appeal

3. Appeal—Agreement That Title is Deducible From Commonwealth—Dispensing of Necessity of Introducing Title Papers.—An agreement that the plaintiff's title is deducible from the Commonwealth and that the defendant's title is also deducible from the Commonwealth is not an agreement that the plaintiff's title is superior to the defendant's title, and only dispenses with the necessity of introducing the title papers in evidence.

MILTON CLARK, M. M. LOGAN and ORA L. HAZELIP for appellant.

NEWTON BELCHER and BELCHER & SPARKS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

T. F. Dockins and L. F. Dockins brought this suit against J. W. Dukes alleging in their petition that they were the owners and in actual possession of about six acres of land enclosed by a fence built by them and bounded on one side by other land owned by them, on another side by the defendant's land and on the third side by the lands of one George Foley. They alleged that Dukes had wrongfully built a fence around their six acre tract of land so as to include it in a boundary of land fenced up by him; that they had removed a portion of the fence so as to give them access to their land and that he was threatening to rebuild the fence. They prayed that he be enjoined from rebuilding the fence or interferring in any way with them in the possession of the six acres of land. He filed an answer in which he traversed the allegations of the petition and stated in sufstance that the land "was and is owned by said defendant." In their reply to the answer the plaintiffs denied that the fence removed by the plaintiffs was around the land which was or is owned by the defendant, or that when defendant built said fence he built it around the land owned by him. After the pleadings had been made up, the following agreed order was entered:

"By agreement it is ordered that the chain of title to the plaintiffs' boundary of land as set out in the petition is deducible of record from the Commonwealth, and was patented to Henry W. Hughes; that the chain of title to the defendant's boundary as shown by the deed filed herein is deducible of record from the Commonwealth, and was patented to Thos. Dennis.

It is further agreed that the boundaries filed herein are the boundaries of the John Dennis and Jernigan tracts and the Schafer tract as shown by the surveyor's books and the deeds, and that any other deeds or records that may be required for a correct determination of this action are hereby considered filed and may be supplied upon request of the court."

Proof was taken and on final hearing the circuit court dismissed the plaintiffs' petition. They appeal.

They filed in the circuit court a schedule which directed the clerk to copy among other things the first four pages of T. F. Dockins' deposition, and the first page of J. W. Dukes' deposition. No other part of the

proof heard by the circuit court was included in the schedule. Rule 27 of this court was adopted some years ago and is as follows:

. ''Hereafter this court will conclusively presume, after submission, that records brought up to this court on schedule filed in the clerk's office of the inferior court, as prescribed by section 737 of the Code of Practice, is the complete record, and that all parties interested have consented to try the appeal on such record. Before submission the court will, in its discretion, allow a transcript of other parts of the record to be filed when deemed necessary in furtherance of justice.''

Section 737 of the Code as well as the rule contemplate the filing of a schedule ordering for the appeal as much of the record as is material to the appeal. Entire parts of the record must be ordered and not fragments of the different parts of the record. Neither the rule nor the statute contemplates that a party may order one question and answer of a deposition or one page of a pleading. The entire deposition or the entire pleading must be brought up if any part of it is brought up. The purpose of the rule is to avoid the cost of copying unnecessary parts of the record. But where a pleading or the testimony of a witness or any other paper is copied, the whole paper must be copied and not a portion of it.

In the absence of the evidence heard before the circuit court we must presume that the circuit court held properly, as we cannot consider for any purpose the fragments of the two depositions contained in the transcript. But it is insisted for the plaintiffs that under the pleadings and the agreed order, judgment should have been entered for them. We do not so understand the agreement. It is agreed that the chain of title to the plaintiffs' boundary of land as set out in the petition is deducible of record from the Commonwealth, and that the chain of title to the defendant's boundary as shown by the deed filed is deducible of record from the Commonwealth. This agreement seems to have been made simply to avoid the introduction of the evidence making out the chain of title on either side. The agreement does not show which title is the older, and even though the plaintiffs' title from the Commonwealth was superior, the defendant and those under whom he claims, may have acquired title by adverse possession. The defendant's answer was certainly understood by the plaintiffs to assert title in him to the land in controversy.

Even if his allegations were not full enough on this subject, the statements in the reply made up the issue. The agreed order was simply as to the chain of title on both sides, and settled no other question in the case.

Judgment affirmed.